**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                                      )
COVERALL NORTH AMERICA, INC.,    )
                                                      )
                    Petitioner,    )
                                                      )
                                                      )  Civil Action No. 07-03012
               v.                         )
                                                      )
DENISSE PINEDA,                             )
                                                      )
                    Respondent.  )
_____)

**RESPONDENT DENISSE PINEDA'S CERTIFICATION IN SUPPORT OF MOTION TO DISMISS THE PETITION OF COVERALL NORTH AMERICA, INC. TO COMPEL ARBITRATION**

Respondent Denisse Pineda hereby moves for dismissal of Coverall's petition to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(6).  This petition raises an issue that is already pending in another lawsuit that has been filed by Pineda and others in Massachusetts, Awuah, et al. v. Coverall North America, Inc., D. Mass. Civ. Action No. 07-10287 (attached here as Exhibit 1).  Pineda is one of six lead plaintiffs in the Awuah action.  In that action, Coverall has filed a motion seeking to compel arbitration, which Plaintiffs (including Pineda) have opposed on the ground that Coverall's arbitration provision for its "franchisee" cleaning workers is unenforceable.  See Plaintiffs'

Opposition to Coverall's Motions, Awuah, et al. v. Coverall North America, Inc., (attached here as Exhibit 2).

Thus, the issue of whether arbitration may be compelled against Coverall's cleaning workers is already pending in the Awuah action and will properly be addressed by the court there.[1]  In the interests of judicial economy and efficiency, there is no reason for both this Court and the Awuah court to address this same issue.  This Court should thus allow this issue to be decided by the Awuah court and dismiss Coverall's petition.  In the alternative, this Court could stay this petition pending a ruling by the Awuah court.

As further grounds for this motion, Respondent Pineda states the following:

**PINEDA IS A PLAINTIFF IN A CASE AGAINST COVERALL ALLEGED AS A NATIONAL CLASS ACTION, WHICH CASE HAS PROPERLY BEEN BROUGHT IN FEDERAL COURT IN MASSACHUSETTS.**

1.  In the Awuah case, Plaintiffs allege that Coverall has subjected its cleaning workers, including Pineda, to systemic misrepresentations and breaches of contract in their relations with Coverall.  Most notably, Coverall purports to sell cleaning "franchises," knowing it does not have sufficient business to satisfy its obligations under its franchise agreements.  Individuals

---

[1] As explained in Plaintiffs' Opposition to Coverall's motions in the Awuah case, Plaintiffs contend that it is appropriate for a multi-state class action to have been filed in Massachusetts, including claims brought by Pineda on behalf of Coverall's New Jersey cleaning workers.  If the court in the Awuah case agrees, then that court will preside over these claims and could appropriately address the issue of the enforceability of Coverall's arbitration provision, which is contained in a standard form contract signed by Coverall cleaning workers nationwide.  Coverall contends that claims raised by its cleaning workers in different states must be pursued in those separate states; the plaintiffs in Awuah have challenged that contention in their opposition memorandum (Section III).  This Court should allow that issue to be addressed by the Awuah court; allowing Coverall's petition to compel Pineda to arbitration to proceed would circumvent that court's ability to address this issue in the first instance.

2

such as Pineda purchase these "franchises" for substantial sums of money, based on Coverall's misrepresentations about the guaranteed amount of monthly income the franchises will provide. In addition, Coverall has also improperly misclassified these workers as independent contractors and thereby denied them various benefits to which they are entitled as employees under the wage laws of various states, including guaranteed minimum wage, overtime pay, other wage protections, and other benefits of employment, such as eligibility for unemployment and workers' compensation. See Awuah Second Amended Complaint (Exhibit 1).

    2.    The Awuah action is alleged as a national class action, with lead plaintiffs (including Pineda) from Massachusetts, New Jersey, and Florida.

    3.    The Awuah plaintiffs have not yet had the opportunity to move for class certification. However, the complaint alleges companywide practices of Coverall that have resulted in statutory and common law violations across the country. Accordingly, the case is appropriately pleaded as a national class action. See, e.g., Califano v. Yamasaki, 442 U.S. 682, 702 (1979) ("Nothing in Rule 23 . . . limits the geographical scope of a class action that is brought in conformity with that Rule.").

    4.    As a lead plaintiff in a putative national class action, Pineda properly brought her claims against Coverall in federal court in Massachusetts (where Coverall does business and several of the named plaintiffs reside and performed work for Coverall).

## **COVERALL'S ARBITRATION PROVISION IS UNENFORCEABLE, AND ITS PETITION TO COMPEL ARBITRATION MUST THEREFORE BE DENIED.**

5.      Coverall has moved in the Awuah action to stay the proceedings as to Pineda pending a determination of the enforceability of its arbitration provision.

6.      Pineda has opposed this motion, arguing that the arbitration provision in Coverall's franchise agreement is unenforceable because it prevents Coverall's cleaning workers from vindicating their rights.  See Kristian v. Comcast Corp., 446 F.3d 25, 37 (1st Cir. 2006) (holding that, "[u]nless the arbitral forum provided by a given agreement provides for the fair and adequate enforcement of a party's statutory rights, the arbitral forum runs afoul of this presumption and loses it claim as a valid alternative to traditional litigation").

7.      Specifically, Pineda asserts that the following clauses of Coverall's arbitration provision operate to deny plaintiffs the ability to vindicate their rights: (1) the prohibition on class actions; (2) the cost-splitting clause; (3) the clause requiring the losing party to pay attorneys' fees; (4) the limitation on remedies; (5) the truncated limitations periods; and (6) the confidentiality clause.  These provisions operate together to render the arbitration provision unenforceable, and, therefore, the entire provision must be stricken.  See Awuah Plaintiffs' Opposition to Coverall's Motions, Section II (Exhibit 2).

8.      For the reasons set forth in the Awuah Plaintiffs' Opposition to Coverall's motions, and because the issues raised in this case are being addressed in that proceeding, this Court should dismiss Coverall's petition to compel arbitration.

4

9. In the alternative, this Court should stay this petition pending a ruling by the Awuah court, or at least a ruling regarding whether it will address the enforceability of Coverall's arbitration clause with respect to Pineda.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

>Respectfully submitted,
>
>Cureton Caplan, P.C.
>Attorneys for Respondent, Denisse Pineda,
>
>By   /s/ Jerald R. Cureton
>   JERALD R. CURETON (JRC 4244)
>   ANTHONY L. MARCHETTI, JR. (ALM 4302)
>   3000 Midlantic Drive, Suite 200
>   Mt. Laurel, NJ 08054
>   (856) 824-1001
>   (856) 824-1008 fax

Dated:   August 14, 2007

5