# CURETON CAPLAN

3000 Midlantic Drive · Suite 200 · Mt. Laurel, NJ 08054 · 856-824-1001 · Fax: 856-824-1008

Jerald R. Cureton     Karen M. Murray
Thomas A. Clark, III     Anthony L. Marchetti, Jr.
Darryl S. Caplan     Richard A. Haws
° James H. Landgraf     Kristofer B. Chiesa
Warren S. Wolf     ° Eileen W. Siegeluch
Kenneth D. Roth     Gina M. Zippilli
Anthony Valenti     M. Maria Erlich
° Renée C. Vidal     ° William R. Powers, Jr. of Counsel
Glen-David Schwarzschild     H. Thomas Hunt, III of Counsel

° Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
† LL.M. in Taxation

October 12, 2007

Honorable William J. Martini
U.S. District Court Judge
Martin Luther King Jr. Federal Building &
    U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:**    **Coverall North America, Inc. re: Class Action**
       **Docket No. 07-03012**

Dear Judge Martini:

      Counsel for the Plaintiffs, Cureton Caplan, P.C., writes to respond briefly to Coverall's counsel's letter of October 9, 2007. Coverall's counsel asserts in his letter that "[t]he question of the enforceability of Pineda's agreement to arbitrate is not before the Massachusetts court" and that any determination by the Massachusetts court about the enforceability of the arbitration provision would be limited to Coverall's cleaning workers in Massachusetts.

      These assertions are simply untrue—not only are these issues before the Massachusetts court, Awuah, et al. v. Coverall North America, Inc., D. Mass. Civil Action No. 07-10287, but Judge William G. Young has expressed to the parties his intention to rule on these threshold issues first, before reaching any of the substantive arguments raised by Coverall in that case. Specifically, Coverall filed six motions to dismiss or transfer the claims of the six named plaintiffs, in response to which the plaintiffs argued that Coverall's arbitration provision was unenforceable as to all the named and unnamed plaintiffs and that the case was properly alleged as a national class action (and, accordingly, the claims of the non-Massachusetts residents were properly before that court).

      At the hearing on those motions, Judge Young informed the parties that the first issue he would address was the enforceability of Coverall's arbitration provision and that the second issue he would address was whether the claims of Pineda and the other non-Massachusetts plaintiffs should be transferred (a decision that, in Judge Young's words, "implicates the strength of the putative class action allegations"). A copy of the relevant pages of the transcript from that hearing is attached.

      Thus, Judge Young currently has under consideration the question of whether Pineda is properly a party in the case before him and whether Coverall's arbitration provision is unenforceable in whole or in part with respect to her, as well as other named and unnamed plaintiffs. Because Judge Young's decision would have direct bearing on this case, Pineda renews her request that this Court hold off on deciding Coverall's petition to compel arbitration in this matter until Judge Young has issued his decision.

William J. Martini                                            Cureton Caplan, P.C.
October 12, 2007
Page 2

     Alternatively, if this Court is inclined to rule on Coverall's petition to compel arbitration without waiting first for a ruling from Judge Young, Pineda notes that a briefing schedule has never been set. In an abundance of caution, Pineda will nevertheless file an opposition to that petition within a week.

     Thank you for your consideration of this matter.

     Respectfully Submitted,

     CURETON CAPLAN, P.C.

     Richard Haws, Esq.

RAH/tmm
Enclosure(s)
cc:    Jerald R. Cureton (Via Email only) (w/o enc.)
       Steven Gooby, Esq. (with enc.) (Via regular and email (steven.gooby.dlapiper.com))
       Shannon Liss-Riordan, Esq. (Via Email only) (w/o enc.)
       Anthony L. Marchetti, Esq. (Via Email only) (w/o enc.)

Q:\5793_COVER\5793.001_COVER-CLAS\Correspondence\Martini, W 20071012.doc

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 07-10287-WGY

```
* * * * * * * * * * * * * * * * *     *
PIUS AWUAH, NILTON DOS SANTOS,        *
GERALDO CORREIA, DENISSE PINEDA,      *
JAI PREM, ALDIVAR BRANDAO,            *
and all others similarly situated,    *
                                      *
          Plaintiffs,                 *
v.                                    *     MOTION HEARING
                                      *
COVERALL NORTH AMERICA, INC.,         *
                                      *
          Defendant.                  *
                                      *
* * * * * * * * * * * * * * * * *     *
```

BEFORE:  The Honorable William G. Young,
                District Judge

APPEARANCES:

PYLE, ROME, LICHTEN, EHRENBERG &
LISS-RIORDAN, P.C. (By Shannon E. Liss-Riordan,
Esq., Harold L. Lichten, Esq. and Hillary A.
Schwab, Esq.), 18 Tremont Street, Suite 500,
Boston, Massachusetts 02108, on behalf of the
Plaintiffs

DLA Piper US LLP (By Michael D. Vhay,
Esq.), 33 Arch Street, 26th Floor, Boston,
Massachusetts 02110-1447
     - and -
DLA Piper US LLP (By John F. Dienelt,
Esq.), 1200 19th Street, N.W., Washington, D.C.
20036
     - and -
DLA Piper US LLP (By Norman M. Leon, Esq.),
203 North LaSalle Street, Suite 1900, Chicago,
Illinois 60601-1293, on behalf of the Defendant

1 Courthouse Way
Boston, Massachusetts

September 27, 2007

1           THE COURT:  Or I certify a class as to everyone

2   that doesn't have arbitration and go forward with the rest.

3           MR. DIENELT:  In the prior argument, or in one of

4   the prior arguments, I'm not sure which one it was, you made

5   the comment, and I wrote one word down, once.  I wanted to

6   go through it once, get it done once.

7           THE COURT:  But so does she.

8           MR. DIENELT:  But I think the way to get it done

9   once is to, is to pare off some of the claims that don't

10  belong here.

11          THE COURT:  Yes.  All right, that's your position.

12          And you would say the thing, the same, if you lose

13  the arbitration issue and I strike the arbitration issue,

14  she then wants to go forward as arbitration in a clean, as

15  she says, but she wants the rest stayed.  You disagree.  You

16  want to pare it all down and go from there.

17          MR. DIENELT:  That's right.  If I may --

18          THE COURT:  All right.

19          MR. DIENELT:  -- make --

20          THE COURT:  No, I think -- the time is used up.

21          MR. DIENELT:  Fair enough.

22          THE COURT:  But I think I ought tell you how I'm

23  going to proceed, because you are in charge of your

24  litigation.

25          I'm taking the matter under advisement, all the

1   matters that are before the Court.  They're properly before

2   the Court.  I think I have grabbed hold of the case at the

3   appropriate point and I will decide the arbitration issue.

4   But win or lose as to arbitration, some of these people

5   don't have arbitration agreements in their contracts.

6           I have before me transfer first, which, which I

7   suggest implicates the strength of the putative class action

8   allegations.  Just allegations here now.  Because if this is

9   really a good class action, there are stronger arguments not

10  to transfer.  The weaker it is as to a class action, the

11  stronger the arguments to transfer to jurisdiction where

12  they are and witnesses are and the like.  I think that

13  transfer would be my second thing.

14          Let's say I decide not to transfer, at least at

15  this stage.  I could revisit that.  Then I'm going to have

16  to face up to the grounds to dismiss, all of which have been

17  briefed, and I will, I will decide them.

18          Thank you very much.  I'll take it under

19  advisement.

20          ·  (Whereupon the matter concluded.)

21

22

23

24

25